UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NICK J. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CV-447 |
| | ) | |
| HOLLY A. BRADY and | ) | |
| SUSAN L. COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT WITH PREJUDICE
AND IMPOSING SANCTIONS**

This matter is before the Court on the Motion to Proceed *In Forma Pauperis* filed by Nick J. Martin on December 7, 2020 (ECF No. 2). Martin, proceeding *pro se*, also filed a proposed Complaint, naming as defendants U.S. District Judge Holly A. Brady and U.S. Magistrate Judge Susan L. Collins. Complaint (ECF No. 1).[1] For the reasons explained below, the motion is DENIED and this case is DISMISSED WITH PREJUDICE. The Court imposes

---

[1] Judge Brady and Magistrate Judge Collins are federal judges sitting in the Fort Wayne Division of the Northern District of Indiana, as is the undersigned. In light of that fact, the Court could consider transferring this case to another Division, but that is unnecessary given that Martin's Complaint fails to state any viable claim. *See Pulungan v. Crabb*, No. 10-CV-634, 2011 WL 97108, at *1 (W.D. Wis. Jan. 12, 2011) ("The screening process is complicated by the fact that Pulungan has named Barbara B. Crabb, a fellow district judge in this court, as a defendant in one of his cases[.] The court might consider transferring to another district a case in which one of the court's judges was named as a defendant, but it is not necessary to do so where a plaintiff's claims as pled are patently frivolous. *See In re Taylor*, 417 F.3d 649, 653 (7th Cir.2005). With respect to Judge Crabb, the only allegations Pulungan provides in his complaint are that she presided over his criminal trial and signed the judgment of conviction, which was later overturned by the Court of Appeals for the Seventh Circuit. Because Judge Crabb has absolute immunity from liability for judicial conduct, *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir.2001), Pulungan fails to allege a viable claim.").

SANCTIONS against Nick J. Martin, as set forth below, to deter him from filing frivolous cases and motions in this Court.

## DISCUSSION

**I. Review under 28 U.S.C. § 1915.**

When determining whether to grant a request to proceed without paying the filing fee, the Court must first decide whether the petitioner has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous or fails to state a viable claim. 28 U.S.C. §§ 1915(a), (e)(2)(B). "On the first question, although the plaintiff need not show that he is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* 'is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them[.]'" *Hurst v. Kenosha Cty. Jail*, 2018 WL 1472546, at *1 (E.D. Wis. Mar. 26, 2018) (quoting *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972)). Section 1915 is meant "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a complaint filed by a plaintiff seeking to proceed *in forma pauperis*. The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). A claim is legally frivolous when it lacks an arguable

2

basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

In the present case, Martin's motion for *ifp* status indicates that he is indigent. But even so, his case cannot move forward because his proposed Complaint fails to state any viable claim and is frivolous on its face.

**II. Liberal interpretation of *pro se* pleadings.**

This Court is mindful of the well-settled principle that, when interpreting a *pro se* petitioner's complaint, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On the other hand, "a district court should not 'assume the role of advocate for the *pro se* litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (quoting *Parker v. Champion,* 148 F.3d 1219, 1222 (10th Cir.1998), *cert. denied,* 525 U.S. 1151 (1999)).

**III. Plaintiff's proposed Complaint.**

Martin's proposed Complaint is not a model of clarity, but this much is clear: he is attempting to sue two federal judges who presided over previous cases he filed in this Court. The sole basis for his suit appears to be his disappointment with rulings Judges Brady and Collins

made in those cases. The assertions and allegations in Martin's Complaint, in their entirety, are as follows:

> Request hearing of grand jury, and court dates[.] Holly A. Brady opinion and order of 09-16-2020, and dismissed of case no. 1 20CV323 with the Clerk office on 09-16-2020. Refiled on case no 1 20 CV 356 and no response from the courts? No contact of defendants with both case no 120CV323, 120CV356.
>
> Susan L. Collins order of 03-30-2018 of a arrangement with defendants of case no. 113CV16 and no disclosure what was arrange with the defendants etc. al. And dismissed of Judge James T. Moody order of 04-01-2013 of In Forma Pauperis 04-24-2018 under a case no. 18-1706 7th Circuit courts 04-02-2018. How name was used on orders of the courtroom-vs-order of the clerk.
>
> Contract with Coca Cola-Fort Wayne City May 7 1987 and a EEOC contract with Brothers Express Inc of case no. 109cv302 blocked unemployment wage of 10, 104.00 plus, loss of back accounts credit card check account John Doe fingerprints settlement of May 7 1987 ID theft to 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 and 783 92 7822 as to order of 03-30-2018 Judge Susan L. Collins arrangement with case no 113cv016 over order of 18-1706 7th Circuit order of dismiss on 02-19-2019

Proposed Complaint, pp. 2-3 (all sic). Martin requests the following relief:

> A chance to get truth out and damages for the acts pain-suffering as to what law would [illegible word] as to settlement for defendants action and acts. If I can't get a case in how will the truth be know and what the courts are going [unintelligible word] what if[.]

*Id*., p. 3 (all sic). Even though much of that is incomprehensible[2], the Court infers from a liberal reading of the Complaint that Martin is seeking damages from Judges Brady and Collins because he disagrees with their decisions in his prior cases. Those cases include the following:

1) Case number 1:20-CV-323 was captioned *Martin v. Coca Cola Consolidated Inc., et al*., and was dismissed with prejudice by Judge Brady on September 16, 2020. *See* 2020 WL

---

[2] Incomprehensibility is a hallmark of Martin's pleadings in all his cases. As Judge Brady wrote: "Martin's claim is, in short, incomprehensible. Not even an imaginative reader could identify what Martin might be claiming." *Martin v. Coca Cola Consolidated, Inc.*, No. 1:20-CV-323 (N.D. Ind. Sept. 16, 2020) (ECF No. 3, Opinion and Order, p. 2).

4

5548690 (N.D. Ind. Sept. 16, 2020).

2) Case number 1:20-CV-356 was captioned *Martin v. Coca Cola, et al.*, and was dismissed with prejudice by Judge Brady on October 20, 2020. (In her order of dismissal Judge Brady strongly cautioned Martin to cease filing frivolous cases. More on this below.)

3) Case number 1:13-CV-16 was captioned *Martin v. Jones, et al*. This case proceeded to a bench trial before Magistrate Judge Collins, who ruled in favor of the defendants on March 30, 2018. *See* 2018 WL 1556683 (N.D. Ind. Mar. 30, 2018).

4) Case number 18-1706 in the Seventh Circuit, to which Martin also refers, was an appeal taken in *Martin v. Jones, et al*. The Seventh Circuit dismissed the appeal, holding that "Martin has not presented a discernable argument for why the magistrate judge erred, either in granting summary judgment or ruling for the defendants after trial." *Martin v. Jones*, No. 18-1706, 752 F. App'x 368, 369 (7th Cir. 2019), reh'g denied (Mar. 5, 2019).

Martin, clearly displeased with the adverse rulings from Judge Brady and Judge Collins, seeks damages against both of them. Martin's proposed Complaint is fatally flawed because Judge Brady and Judge Collins are entitled to absolute immunity. As another district court explained:

> At least since 1872, the Supreme Court has recognized the common law principle that judges are entitled to absolute immunity from liability for damages when their actions are taken in the exercise of their judicial capacity. *Bradley v. Fisher*, 80 U.S. (13 Wall .) 335, 351 (1872). The Supreme Court has held that a judge's act is judicial in nature if "it is a function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Additionally, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356-57. Absolute immunity shields a judge from liability "even if his exercise of authority is flawed by the commission of grave procedural errors." *Id*. at 359.

5

*Neuman v. United States*, No. 07-CV-0362, 2007 WL 4105006, at *1 (S.D. Ill. Nov. 15, 2007). *See also*, *London v. Clarke*, No. 15-CV-428, 2015 WL 8328580, at *2 (E.D. Wis. Dec. 8, 2015) (quoting *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011)) ("'A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.'"); *Clark v. Johnson-Hurst*, No. 18-2034, 2018 WL 9988733, at *2 (C.D. Ill. June 14, 2018) (citing *Barr v. Matteo*, 360 U.S. 564, 569 (1959)) ("[F]ederal judges also have absolute immunity with respect to civil suits to recover for actions taken by them in the exercise of their judicial roles."); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000) (federal judges are entitled to "absolute immunity" from suit); *Catanzaro v. Davis*, 686 F. App'x 91, 94 (3d Cir. 2017) (". . . [Plaintiff's] claims against the judges fail because '[a] judicial officer in the performance of h[er] duties has absolute immunity from suit and will not be liable for h[er] judicial acts.' *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). . . . 'A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority.' *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam).").

A judge's decision in a case before her is considered a judicial action. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir.1990). "The Judge and Magistrate Judges' actions in denying several of [Plaintiff's] motions and ultimately dismissing his case was judicial and, therefore, their judicial immunity cannot be overcome. . . . '[I]mmunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly.'" *Stanley v. Posner*, No. 09-223, 2009 WL 1097787, at *2 (S.D. Ill. Apr. 22, 2009)

(quoting *Sellenback v. Letsinger*, 889 F.2d 755, 757-58 (7th Cir.1989)).

Judge Brady and Magistrate Judge Collins, acting in their judicial capacities, issued rulings and holdings in prior cases filed by Martin. They are entitled to absolute judicial immunity from suit for their decisions and cannot be sued by a disgruntled losing litigant. Accordingly, Martin's Complaint fails to state any viable claim and must be dismissed.

### IV. Sanctions for repeated frivolous filings.

Nick Martin has filed numerous frivolous cases in this Court over the course of many years (as well as dozens of frivolous motions in many of those cases). He has been warned several times to refrain from burdening the Court with frivolous filings. Magistrate Judge Collins, in an order entered on July 10, 2017, wrote as follows: "The Court reiterates its WARNING to Martin that he will be sanctioned with a monetary penalty if he makes filings in this action that are frivolous or unrelated to this case." *Martin v. Jones, et al.*, No. 1:13-CV-16 (ECF No. 147) (capitalization in original). Martin did not heed the Court's warnings and so Judge Brady recently reiterated, in no uncertain terms, that Martin was flirting with sanctions:

> Finally, Martin is at risk of being deemed a vexatious litigant in this Court. A docket review in the Northern District of Indiana shows that Martin has filed nine cases since 2009, the vast majority of which include at least one of the defendants listed in the present suit. Seven of these lawsuits have been dismissed by the Court prior to service on the defendants. He has also filed appeals in a number of the cases. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees–indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n.8 (1989) (quoting *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984)). A district judge has the power to enjoin frequent litigators from filing frivolous suits. *In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003). Martin has filed two such frivolous suits in this

7

> Court within thirty days of each other. Accordingly, for this and the other reasons articulated above, the Court:
>
> (1) **DISMISSES** the Complaint **WITH PREJUDICE** (ECF No. 1) as frivolous and pursuant to 28 U.S.C. § 1915A because the Complaint does not state a claim;
>
> (2) **DENIES** the Motion for Leave to Proceed *in forma pauperis* (ECF No. 2); and
>
> (3) **CAUTIONS** Nick Martin that if he files another frivolous, incomprehensible, or malicious lawsuit, he may be fined, sanctioned, or have his filings restricted by the Court.

*Martin v. Coca Cola Consolidated, Inc., et al.*, No. 1:20-CV-356 (N.D. Ind. Oct. 20, 2020) (Opinion and Order, ECF No. 4) (emphasis in original).

Obviously, the filing of the present motion to proceed *ifp* and proposed Complaint demonstrate that Martin remains undeterred by the Court's previous admonishments. The Court concludes that sanctions are warranted to stop Martin from continuing to file frivolous and vexatious lawsuits.

The Court hereby adopts and implements "the narrowly tailored injunction aimed at stopping [a plaintiff] from filing frivolous and harassing litigation that was entered in the Southern District of Indiana and affirmed by the Seventh Circuit." *Srivastava v. Daniels*, 2010 WL 2539451, at *7-8 (N.D. Ind. June 14, 2010), *aff'd*, 409 F. App'x 953, 953 (7th Cir. 2011) ("Our circuit's case law authorizes district courts to enjoin frequent litigants from filing frivolous lawsuits, *see In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003); *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995)[.]"); *see also In re Davis*, 878 F.2d 211 (7th Cir. 1989). This injunction will ensure that Martin has legitimate access to the courts while preventing him from pursuing frivolous claims. The Seventh Circuit Court of Appeals has affirmed sanction orders entered by district courts so long as they are tailored to prevent future abusive filings without

8

completely denying the offending litigant access to the courts when warranted :

> [T]he right of access to federal courts is not absolute. *In re Chapman*, 328 F.3d at 905; *see also United States ex rel. Verdone v. Cir. Ct. for Taylor County*, 73 F.3d 669, 674 (7th Cir. 1995). Courts have ample authority to curb abusive filing practices by imposing a range of restrictions. *See In re Anderson*, 511 U.S. 364, 365-66, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994); *Baum* [*v. Blue Moon Ventures, LLC*], 513 F.3d [181 at] 187 [5th Cir. 2008]; *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); *In the Matter of Davis*, 878 F.2d 211, 212 (7th Cir. 1989); *Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986). A filing restriction must, however, be narrowly tailored to the type of abuse, *see Miller* [*v. Donald*], 541 F.3d [1091]at 1096-1100 [11th Cir; 2008]; *Andrews*, 483 F.3d at 1077; *Support Sys. Int'l*, 45 F.3d at 186, and must not bar the courthouse door absolutely, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Davis*, 878 F.2d at 212; *Procup*, 792 F.2d at 1071. Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1061 (9th Cir. 2007), *cert. denied*, 555 U.S. 1031, 129 S.Ct. 594, 172 L.Ed.2d 455 (2008) (upholding order that prevented plaintiff from filing complaints under the ADA without prior approval from district court); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1299 (11th Cir. 2002) (approving district court's order that enjoined plaintiff from filing suits against a particular defendant without first obtaining leave from court); *Davis*, 878 F.2d at 212-13 (upholding order restricting plaintiff from filing any suit without permission from district court); *see also Support Sys. Int'l*, 45 F.3d at 186 (noting that "perpetual orders are generally a mistake" and enjoining plaintiff, with some exceptions, from filing papers until he paid sanctions).

*Chapman v. Exec. Comm. of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502-03 (7th Cir. 2009).

Pursuant to the authorities just discussed, the Court orders as follows:

**The Clerk of the Court is ORDERED that for any new or removed complaint filed by Nick J. Martin in any division of this Court, the Clerk shall do the following**:

1) Whenever Nick J. Martin proffers a document for filing, the Clerk shall accept the papers, stamp them "received" (rather than "filed"), and forward them to the undersigned judge for review.

2) The Court will examine any documents tendered by Martin and determine whether

9

they should be filed. The Court will deny leave to file the documents if they are merely duplicative of matters already litigated or currently pending or are legally frivolous.

      3) If the Court enters an order denying leave to file the materials, the Clerk shall retain the order and a copy of the materials in a miscellaneous file captioned "In Re: Nick J. Martin" and mail a copy of the order to Martin.

      4) If the Court enters an order granting leave to file the materials, the Clerk shall cause the materials to be stamped "filed" as of the date of the order and shall assign the case in the manner provided by local rules. The Clerk shall also mail a copy of the order to Martin.

      5) This screening requirement shall not apply to filings in cases already pending in this Court as of this date, nor to filings appealing this order, nor to petitions for a writ of habeas corpus.

      6) This Order may be modified as equity requires.

      7) This Order shall expire on December 10, 2023, without further order of this Court, but if the Order does not accomplish its intended purpose, the Court may consider modifying or extending the Order.

      8) The Court will *not* impose a monetary sanction against Martin at this time. However, Martin is CAUTIONED that if he persists in filing frivolous cases the Court will impose a monetary sanction to act as a further deterrent to future baseless or vexatious filings by this litigant.

## CONCLUSION

For the reasons explained above, the Motion to Proceed *In Forma Pauperis* (ECF No. 2) is DENIED and this case is DISMISSED WITH PREJUDICE. Due to Martin's long history of filing frivolous cases, pleadings and motions in this Court, and pursuant to this Court's authority as set forth in the cases cited above, the Court imposes the above-enumerated sanctions against him.

**The Clerk of the Court is instructed to distribute a copy of this Opinion and Order to all the Judges and Magistrate Judges in this District and to close this case.**

Date: December 10, 2020.

   /s/ William C. Lee     
William C. Lee, Judge  
U.S. District Court  
Northern District of Indiana